SAMUEL, Judge.
This is a suit for workmen’s compensation. Plaintiffs are the employee, Mrs. Irma Tuggle Hall, who seeks recovery for total and permanent disability benefits, penalties and attorney’s fees under the act, and her husband, Leonard P. Hall, Jr., whose claim is limited to medical expenses incurred on his wife’s behalf. The sole defendant is the wife’s employer, Sears, Roebuck & Company, Inc. After trial there was judgment in favor of the defendant and against the plaintiffs, dismissing the latters’ suit. Plaintiffs have appealed.
Plaintiff (we will use this designation with reference to the employee, Mrs. Hall) was employed by the defendant as an assistant security officer in its department store in the Oakwood Shopping Center. The store building consisted of two floors and was serviced by an escalator, an elevator and a stairway. The back injury which forms the basis of this suit occurred as follows: While walking around the lower floor on the lookout for shoplifters, plaintiff heard a child scream near the foot of the escalator. The child had injured one of his fingers which was bleeding profusely. She picked the child up and, using the escalator, carried him to the first aid station on the second floor. The child was crying and struggling because of pain from the injured finger and the sight of blood. When she put the little boy down on a bed in the first aid station she felt a tug in her back. That night she had headaches and severe back pains.
The judgment appealed from is based on the trial court’s factual finding and conclusion that defendant’s business was nonhazardous within the meaning of, and therefore not covered by, the Louisiana Workmen’s Compensation Act and plaintiff was not injured while performing hazardous duties in the nonhazardous business of her employer. These two issues are the primary ones presented for our consideration. If those findings and conclusions of the trial court are correct the judgment appealed from must be affirmed.
Our settled jurisprudence, including several cases involving the present defendant, is that under the provisions of LSA-R.S. 23:1035 the operation of a department store, or a retail general mercantile establishment, is not hazardous per se. Richard v. United States Fidelity & Guaranty Co., 247 La. 943, 175 So.2d 277; Honeycutt v. Sears, Roebuck & Company, La.App., 146 So.2d 860; Allen v. Travelers Insurance Company, La.App., 124 So.2d 367; Stockstill v. Sears-Roebuck & Company, La.App., 151 So. 822.
Plaintiffs contend Mrs. Hall’s employment must be regarded as hazardous because she was engaged in hazardous features of the defendant’s business in the following respects: (1) she worked prior to the completion of the store while heavy machinery, electrical wires, burglar alarms, etc. were being installed; (2) she was required to cross a dangerous parking area to reach the automotive department located approximately 300 feet away from the main building; (3) she was required to look for thieves and shoplifters and to apprehend and detain them when found, thus *644 being constantly exposed to the danger of assault; and (4) in the regular performance of her duties she was frequently required to use the escalator.
We do not agree with the first and second contentions. It is true that plaintiff, who was injured on the day the store opened for the first time, had worked for three weeks prior to that occasion. During that three-week period her duties consisted of watching employees and workmen engaged in preparing the building and business for the opening. But her duties only involved watching the people so engaged. She was not required to operate, nor does the record reveal that she came in close contact with, any machinery. It is also true that on several occasions prior to the opening of the store she was required to, and did, relieve an employee in the automotive department while the latter went to lunch or on a coffee break and she did cross a parking area to reach the automotive department. However, aside from the question of whether the parking area was in fact dangerous (especially as this was prior to the opening of the store), relieving employees in the automotive department was not a part of her regular duties. It occurred infrequently and this is not a claim based on an accident which took place in the parking area.
Nor do we agree with the third contention, that her occupation as assistant security officer was hazardous because she was required to look for, apprehend and detain thieves and shoplifters so that she was constantly exposed to the danger of assault. While the evidence on this question is conflicting, the trial court found as a fact, and we find no manifest error therein, that plaintiff’s duties as an assistant security officer were to watch and report shoplifting activities by customers and employees. She was not required to carry a weapon of any type and was instructed not to physically apprehend or detain any suspect. She was only required to follow any person suspected of shoplifting at a safe distance and to call the main security officer or, in his absence, one of the male staff members in order that he could make an apprehension. There is testimony in the record to the effect that in connection with watching for shoplifters and their apprehension her duties were generally similar to that of sales ladies employed by the defendant. Under these circumstances we agree with the trial court’s conclusion that plaintiff’s duties as assistant security officer were not hazardous within the meaning of the act.
We are of the opinion the fourth contention, that plaintiff frequently was required to use the escalator in the performance of her duties, also is without merit. Plaintiff was subject to calls on both floors of the building. In going from one floor to another she did use the escalator, apparently never using the stairs, which were in the nature of a fire escape and on the outside of the building, or the elevator. But the record does not establish that she used the escalator frequently. Her services appear to have been required much more on the first floor than on the second. The trial court found that plaintiff did not use the escalator with any more frequency than did Mrs. Honeycutt, the plaintiff in Honeycutt v. Sears, Roebuck & Company, supra, and we agree with that conclusion. As we have said relative to the parking area contention, we note that plaintiff was not injured while using the escalator; she sustained the injury after reaching the second floor and the first aid station.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.