261 So.2d 288 (1972)
Dr. R. E. DUPRE, d/b/a Dupre's Hospital & Clinic, Plaintiff and Appellee,
v.
Olide VIDRINE, Defendant and Appellant.
No. 3797.
Court of Appeal of Louisiana. Third Circuit.
April 19, 1972.
Rehearing Denied May 16, 1972.
Writ Refused June 22, 1972.
*289 Preston N. Aucoin, Ville Platte, for defendant-appellant.
Dubuisson & Dubuisson by William A. Brinkhaus, Opelousas, for plaintiff-appellee.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This case is consolidated with Aswell v. Vidrine, La.App., 261 So.2d 292, in which a separate judgment is being rendered by us this date. Both are suits against Vidrine for medical services rendered to him and members of his family for injuries received in an automobile accident. In each case Vidrine filed a third party demand against Southern Farm Bureau Casualty Insurance Company, alleging it is liable to him for all of the principal demand under the "Medical Payments" coverage of his policy. From a judgment rejecting his third party demand against Southern Farm, Olide Vidrine appealed. Southern Farm answered the appeal, seeking damages for frivolous appeal.
The issues argued on appeal relate solely to the third party demand. The question is whether Vidrine's settlement, with the party responsible for the accident, discharges Southern Farm's liability for medical payments.
*290 The facts show that Olide Vidrine collided with a vehicle operated by Ulfay Guillory. By coincidence, both carried liability insurance with Southern Farm Bureau Casualty Insurance Company. Vidrine and his wife, for a consideration of $1480.69, signed a written release and settlement of all of their claims against Ulfay Guillory and Southern Farm for all damages, claims, etc. arising out of the accident.
The present suit was filed by Dr. Dupre against Olide Vidrine for professional services rendered to Vidrine and his wife and child as a result of the accident. Vidrine filed a third party demand against Southern Farm, contending it is liable for these medical expenses under the "Medical Payments" coverage of the policy issued by Southern Farm to Vidrine.

IMPAIRMENT OF INSURER'S SUBROGATION RIGHTS
The third party defendant insurer contends first that Vidrine's release of the tort feasor, Ulfay Guillory, and his liability insurer, destroyed defendant's right of subrogation against the party responsible for the damages, and hence extinguishes defendant's liability for medical payments. This rule regarding impairment of subrogation rights is recognized in Travelers Fire Insurance Company v. Ackel, La.App., 29 So.2d 617 (2d Cir. 1947); Joe E. Fruend, Inc. v. Insurance Company of North America, 5 Cir., 270 F.2d 924; Polk Chevrolet Company, Inc. v. Salario, La.App., 132 So.2d 115 (1st Cir. 1961); Hall v. Sears, Roebuck & Company, La.App., 221 So.2d 642 (4th Cir. 1969); and Washington v. Dairyland Insurance Company, La.App., 240 So.2d 562 (4th Cir. 1970).
These cases are distinguished from the present matter since they involved factual situations where the insured released a third party tort feasor and a different insurer, thus defeating the subrogation rights of the defendant insurer. In the present case, the insurer which was released is the same as the insurer whose subrogation rights were allegedly defeated, and the tort feasor is an insured of this same insurer. In effect, they are saying they should be discharged from liability because they have been deprived of a right of subrogation against themselves and their own insured. We fail to see how this can in any way be prejudicial to the defendant insurer. A similar result was reached in St. Paul Fire & Marine Insurance Company v. Gallien, La.App., 111 So.2d 571 (1st Cir. 1959) where the insurer was not prejudiced by the loss of its right of subrogation.

CONTENTION THAT POLICY PROVISION PREVENTS DOUBLE RECOVERY
Under "Part II, Medical Payments-Coverage C" of the policy issued to Vidrine, we find the following provision:
"PROVIDED THAT NO PAYMENTS shall be made under Coverage C, except under Division 1(b), unless the person to or for whom such payment is made shall have executed a written agreement that the amount of such payment shall be applied toward the settlement of any claim, or the satisfaction of any judgment or damages entered in his favor, against any insured because of bodily injury arising out of any accident to which liability Coverage A applies."
Southern Farm contends this clause prevents Vidrine from recovering medical payments since they must be applied toward the settlement of any claim under Coverage A (Bodily Injury Liability). This would certainly be true if recovery was being sought under the Medical Payments coverage and the Bodily Injury Liability coverage of the same policy against "any insured" under that policy. However, the settlement in the present case was made under a different policy with a person who is not an insured under Vidrine's policy.
*291 The clause quoted above requires only that medical payments be applied toward the settlement of any bodily injury claim against "any insured." under this policy. It does not require that medical payments be applied toward the settlement of a claim against a person who is not an insured under this policy. Of course, the settlement in this case was made with Ulfay Guillory, who does not fall within any of the definitions of an insured under the policy. Thus, the clause in question has no application.
Even without the quoted clause, this same result would be reached under the jurisprudence. In Gunter v. Lord, 242 La. 943, 140 So.2d 11 (1962), our Supreme Court held that automobile passengers who received medical expenses under medical payments provisions could not seek double recovery of these expenses in a tort action under the same policy. However, the court was careful to point out:
"This is not to say, of course, that were the injured party wholly or partly indemnified for hospital or medical care by insurance effected and paid for by him or through some other source, and toward which the wrongdoer did not contribute, that the latter would benefit therefrom by a reduction of his damages in a suit by the injured party. Warren v. Fidelity Mutual Insurance Co. (La. App.), 99 So.2d 382; see 15 Am.Jur. 617, Damages, Sec. 201, and pocket part; and 13 A.L.R.2d 355."
To the same effect see Jeffers v. United States Fidelity & Guaranty Company, La. App., 149 So.2d 429 (3rd Cir. 1963); and American Indemnity Company v. New York Fire & Marine Underwriters, Inc., La.App., 196 So.2d 592 (1st Cir. 1967).

THE EFFECT OF THE RELEASE ITSELF
Although defendant insurer does not urge it, an argument could be made that the release of Ulfay Guillory and Southern Farm Bureau from all claims arising out of the accident in question, discharges Southern Farm from liability under both the liability coverage of its policy issued to Ulfay Guillory and the medical payments coverage of its policy issued to Vidrine.
LSA-C.C. Article 3073 provides:
"Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general of particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
"The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises."
In the present case it is clear that the parties intended the release to discharge only the liability of Southern Farm under its policy issued to Ulfay Guillory. Hence, the release does not comprehend a settlement of Southern Farm's liability for medical payments under its policy issued to Vidrine. For a similar holding, see Futch v. Fidelity & Casualty Company, 246 La. 688, 166 So.2d 274 (1964).

CONCLUSION
We conclude that Vidrine's double recovery of medical payments is not barred by the release, nor by the provisions of the policy, nor by the applicable law.
Based on the arguments presented on appeal, we find no reason to reject Vidrine's third party demand against Southern Farm. However, the record before us contains no signed judgment on the principal demand by Dr. R. E. Dupre against Olide Vidrine. Under LSA-C.C.P. Article 1111, a third party demand may be brought by the defendant in a principal action against any person "who is or may *292 be liable to him for all or part of the principal demand." It necessarily follows that where the defendant in the principal demand is not cast, the third party defendant cannot be cast, Martin v. Sanders, La. App., 163 So.2d 923 (1st Cir. 1964); Bolin v. Hartford Accident & Indemnity Company, La.App., 204 So.2d 49 (2d Cir. 1967).
A minute entry dated October 23, 1970, states that summary judgment in favor of the plaintiff and against the defendant on the principal demand was sustained, but no judgment on the principal demand is contained in the record before us. Under the circumstances, this case must be remanded to the district court in order that a judgment on the principal demand can be signed, following which judgment on the third party demand can be entered in accordance with law and the views expressed herein.
Southern Farm's request for damages for frivolous appeal is rejected.
For the reasons assigned, the judgment appealed is reversed and set aside. It is ordered that this case be remanded to the district court in order that a judgment on the principal demand can be read and signed, following which judgment on the third party demand can be entered in accordance with law and the views expressed herein. All costs of this appeal are assessed against the third party defendant, Southern Farm Bureau Casualty Insurance Company. Costs in the district court must await a final judgment there.
Reversed and remanded.
HOOD, J., dissents, being of the opinion that the judgment of the trial court is correct.