[No. 41128-4-I. Division One. June 1, 1999.]

TINA VAN NOY, ET AL., *Appellants*, v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, ET AL., *Respondents*.

*Steve W. Berman, Erin K. Flory,* and *Carl H. Hagens* of *Hagens Berman,* for appellants.

*Peter A. Danelo, Daniel J. Dunne,* and *Robin E. Wechkin* of *Heller Ehrman White & McCauliffe,* for respondents.

GROSSE, J. — Insurers have a general duty of good faith in dealing with their insureds. Here, in a class action lawsuit, the representatives of the class (hereinafter rep-

resentatives) have met their initial burden of producing issues of material fact concerning the good faith handling of the claims sufficient to survive summary judgment. In addition, a quasi-fiduciary relationship exists between an insurer and its insured. Here, there is also a question of fact as to whether State Farm Insurance Companies (State Farm) sufficiently disclosed pertinent facts to enable its insureds to protect their interests surrounding the companies' retroactive denial of claims. Further, under *Coventry Associates v. American States Insurance Co.*,[1] an insured may maintain an action against an insurer for bad faith investigation of the insured's claim and for a claimed violation of the Consumer Protection Act (CPA) even if the insurer is ultimately correct in determining coverage does not exist. The representatives have met the initial threshold burden. The insurance policy requires a 30-day settlement period, or timely notice of denial, or reasons for any delay. At a minimum, the record before us suggests there is a justiciable controversy as to whether the insurance company followed or breached this policy requirement. Summary judgment was granted in error. The decision below is reversed and the case remanded for trial.

## FACTS

The class action was initiated in 1994 by three State Farm policyholders, Tina Van Noy, Patricia Faye Dinnis (formerly Patricia Fay Burkett), and Elaine Ebersole. The complaint asserted bad faith claims handling, a breach of fiduciary duty, breach of contract, and a violation of the Washington Consumer Protection Act.

Class certification was granted for a statewide class of State Farm personal injury protection (PIP) policyholders. The claims were for the medical expenses of injured insureds that were retroactively disallowed more than 30 days after State Farm received the claim.

---

[1]*Coventry Assocs. v. American States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998).

All of the representatives, and the entire class, were subject to a number of claims that were retroactively denied after a medical review was done by or for State Farm. The allegation on appeal is that State Farm breached its policy by failing to timely pay, or in the alternative by not properly notifying or extending within the 30-day period for settling claims.

In October 1996, the representatives moved for partial summary judgment on the issues of duty and breach. State Farm opposed the motion and made a cross motion for summary judgment seeking dismissal of the claims in their entirety. The trial court issued a ruling, without oral opinion or written reasoning, denying the partial summary judgment brought by the representatives, but granting State Farm's motion dismissing all claims in their entirety.[2]

---

[2]To illustrate the type of claims at issue here:

1. Class representative Tina Van Noy was injured in an automobile accident in mid-October of 1993. She was insured by State Farm with coverage including PIP and medical payments coverage first party benefits. As prescribed by her healthcare provider, she commenced treatment for her injuries including chiropractic, physical, and massage therapy. A claim was filed. Three weeks after receiving claims for benefits, State Farm sent a form letter to Van Noy advising her that State Farm would pay only necessary medical expenses and that State Farm may require a second opinion from a doctor at her expense. The letter did not state that State Farm might curtail payment either prospectively or retroactively, or that there was any risk that it would determine that the expenses as a result of her healthcare provider's prescriptions were not necessary. It did not ask her to obtain prior approval before seeking further treatment. A little over five months after the accident, State Farm sent Van Noy an additional letter which stated that it had not yet determined whether her care was "necessary" and that it would be sending her bills to an "independent consultant." Two months later, State Farm notified Van Noy what claims it considered necessary and that payment had been made on those claims. State Farm indicated there was an additional bill from a doctor and a fluoroscopy exam that were still undergoing "peer review" and that the company would notify her of its decision regarding these claims. The letter did not indicate any procedure to resolve the rejected claims further or seek additional information. This notice did not indicate that Van Noy had any arbitration rights under the policy. It did indicate, however, that if she had any questions she should call a certain claims representative. Because of this rejection of certain chiropractic and massage claims, Van Noy became personally liable several months after the fact for these health care claims she believed were being covered.

2. Patricia Faye Dinnis was injured in an automobile accident on May 10, 1993. She commenced medical treatment prescribed by her medical provider. In June 1993 her bills were forwarded to State Farm. State Farm waited for four months before notifying Dinnis that it was sending her bills out for peer review,

The dispute arises over language in State Farm policies that includes a "What We Pay" section which provides:

> We will pay for bodily injury to an insured caused by accident resulting from the maintenance or use of a motor vehicle as a motor vehicle:
>
> > 1. Medical Expenses. These are reasonable expenses incurred within three years of the date of the accident. These expenses are for necessary:
> >
> > > a. medical, surgical, X-ray . . . and rehabilitative services[.] . . .

The "Settlement of Loss" portion of the policies provides:

> Payments will be made on a monthly basis within 30 days after we have proof of the amount due.

The same section further provides:

> The amount due under this coverage shall be decided by agreement. If the *insured* and we cannot agree, it will be decided by arbitration upon mutual written consent.

The representative claimants received letters from State Farm after filing their claims. Each letter reiterated the particular policy coverage and that the medical expenses covered must be "reasonable and necessary." State Farm also stated that the bills might be submitted for evaluation by a professional review board or other outside independent agency.[3]

█ The representatives challenge State Farm's claims procedures, asserting that they are highly retroactive and result in unilateral denial of claims that negatively affect the interests of State Farm's insureds. The usual standard

---

and did not specifically indicate or warn her that these prescribed claims might be rejected. Seven months after the accident, State Farm sent her notice that the majority of her claims for treatment was denied.

[3]State Farm later conceded that its policies did not specifically authorize outside reviews until it changed its policies after July 1, 1994.

of review applies,[4] as do the principles for interpretation of insurance policies.[5]

## Fiduciary Relationship:

■ A fiduciary or quasi-fiduciary relationship exists between an insurer and its insured. An insurer has an enhanced fiduciary obligation that rises to a level higher than that of mere honesty and lawfulness of purpose. It requires an insurer to deal fairly with an insured, giving equal consideration in all matters to the insured's interests as well as its own.[6]

The representatives argue that State Farm owed and violated three overlapping fiduciary duties to its insureds: (1) the duty to disclose all facts that would aid its insureds in protecting their interests; (2) the duty of equal consideration; and (3) the duty not to mislead its insureds.

Whether or not breach of any of these duties is ultimately supported, at a minimum there is a factual question in this case whether State Farm fully, timely, or adequately disclosed the possibility of the retroactive[7] denial of medical claims. State Farm argues that its policies and its subsequent communications with the insureds make it clear that claims may be denied retroactively and thus there can be no issue of improper notice or failure to disclose. We dis-

---

[4]Summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court views all facts and reasonable inferences therefrom most favorably towards the nonmoving party when ruling on a summary judgment motion. *Weyerhaeuser Co. v. Aetna Cas. & Sur. Co.*, 123 Wn.2d 891, 897, 874 P.2d 142 (1994).

[5]Interpretation of insurance policies is a question of law and the policy language is interpreted as it would be understood by the average person, rather than technically. Ambiguities, if any, exist if the language is susceptible to two reasonable interpretations. If the court cannot resolve any ambiguity by resort to extrinsic evidence, then the ambiguity in an insurance policy is construed in favor of an insured. *American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874-75, 854 P.2d 622 (1993), *opinion supplemented*, 123 Wn.2d 131, 865 P.2d 507, 44 A.L.R.4TH 905 (1994).

[6]*McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 36-37, 904 P.2d 731 (1995) (citing *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 385-86, 715 P.2d 1133 (1986)).

[7]State Farm uses the word "retrospective" rather than retroactive.

agree. While the notice from State Farm and the policy itself state that State Farm will pay only for "reasonable and necessary" medical expenses, whether that notice sufficiently discloses that State Farm may deny claims significantly later than the 30 days, without giving additional interim notices or reasoning as contemplated by the insurance policy and the Washington Insurance Regulations remains a question for the trier of fact.[8]

We do not agree with the suggestion made by the representatives that State Farm be strictly held to 30 days within which to make a final decision, but it must be determined whether the notices given provide sufficient disclosure of the possibility of retroactive denial when the insurer knows the claimant is receiving treatment at the suggestion of his or her health-care provider. Further, there is a question as to whether the delay of a number of months, without additional notice, is reasonable. An insurer may not restrict coverage or otherwise alter terms of an insurance contract with subsequent letters and notices.[9] The issue is *not* one of coverage, but is one of the process for resolving claims.[10]

Indeed, a letter from the Washington State Office of the Insurance Commissioner (OIC) to State Farm, with regard to the claim of another potential class member, noted that it had long been OIC's position that an insurer cannot treat an insured equitably and fairly by denying payment of incurred medical expenses on a retroactive basis.

Contractual Breach of the Policy:

The representatives claim the policy requires State Farm to pay or deny claims within 30 days, or give proper and

---

[8]We are not holding that State Farm is prohibited by the policy's 30-day deadline from investigating claims beyond that period, but find it must be determined whether or not additional notice or disclosure is required or necessary.

[9]*See* RCW 48.18.190, policy must contain the entire contract.

[10]It is unnecessary to discuss all the claims set forth here, such as whether the policy allows the review of claims by outside review agencies or boards.

timely notice and reasoning to support a delay. State Farm counters that to reach this conclusion the class had to prove (1) that the contract as a whole equates "proof of the amount due" with the mere submission of medical bills, and (2) that a promise to pay claims within 30 days necessarily equates to a promise to deny claims within the same 30 days. The representatives argue that the required "proof of amount due" is met when an insured submits a claim on State Farm's proof-of-claim form with requisite billing from a medical professional.

■ The policy does not expressly define "proof of amount due," but a resort to Washington case law indicates that "proof" means sufficient notice to allow insurers to evaluate their rights and liabilities and to investigate claims.[11] The case of *Reichl v. State Farm Mutual Automobile Insurance Co.*,[12] cited by State Farm, is distinguishable. In *Reichl* the claimant failed to timely provide additional proof or information sought by the insurer before full settlement of claims with another insured. In the instant case, after receiving the claim on State Farm's own proof of claim forms, State Farm properly notified its insureds that it was in the process of evaluating the claim, but later failed to apprise the insured as to what was happening with the claim. The resulting issue is the reasonableness of State Farm's actions in handling the claim under its policy of insurance. This should be determined by a trier of fact. Whether a breach actually occurred will turn on the facts presented.

Washington insurance regulations are instructive.[13] WAC 284-30-370 indicates that every insurer shall complete an investigation of a claim within 30 days after notification of

---

[11]*See Towey v. New York Life Ins. Co.*, 27 Wn.2d 829, 834-35, 180 P.2d 815 (1947); *see also Fox v. Bankers Life & Cas. Co.*, 61 Wn.2d 636, 639, 379 P.2d 724 (1963).

[12]*Reichl v. State Farm Mut. Auto. Ins. Co.*, 75 Wn. App. 452, 880 P.2d 558 (1994).

[13]*See Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 254, 850 P.2d 1298 (1993).

a claim, *unless* the investigation cannot reasonably be completed. WAC 284-30-380(1) provides that after an insurer receives a properly executed proof of loss, it must inform the insured of its decision to accept or deny the claim within 15 days. WAC 284-30-380(3) then sets forth the insurer's notice obligations or procedures *if it cannot resolve the claim*, or a portion of the claim within that period. The insurer first must notify the insured within 15 days that it needs more time to resolve the claim *and give the reason therefore*. Thirty days later (within 45 days of the filing of the proof of loss) if the insurer still cannot resolve the claim, it must again notify the insured and again explain the reason for the delay. The insurer must continue to notify the insured every 30 days until the claim is resolved.

State Farm did not follow these notice requirements. After its initial request for more information, State Farm failed to inform any of these plaintiffs/appellants about the progress of its investigations, until some four to six months later when it notified the insureds that a large portion of their claims was being denied. Although these regulations may better address potential bad faith and CPA claims rather than a breach of contract issue, they also support the argument of the representatives that State Farm breached its contractual duties to pay or properly inform the claimant of progress.

Unfair or Deceptive Practices—CPA Claim:

 In order to recover damages under the CPA, a private party must prove that the defendant's acts or practice (1) is unfair and deceptive; (2) occurs in the conduct of trade or commerce; (3) affects the public interest; (4) causes injury to the plaintiff's business or property; (5) causes the injury suffered.[14] The first two elements may be established

---

[14]*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986).

by showing that the alleged act constitutes a per se unfair trade practice.[15]

 In *Downie v. State Farm Fire & Casualty Co.*,[16] this court held that for the purposes of WAC 284-30-380, under which an insurer has 15 days to accept, deny, or reject a claim or give reasons why more time is needed, an insurer's reasonable need to acquire additional information and investigate is a valid reason for an extension of time. In that case the court found that State Farm properly informed its insured within 15 days, and then again informed Downie a month later what was necessary to complete its investigation, thus within the 45 days required. State Farm did not violate the regulation. Here, unlike in *Downie*, State Farm failed to respond further after the initial notice of its potential need to investigate further.

At a minimum there is a question of fact as to whether State Farm engaged in unfair claims settlement practices as defined in WAC 284-30-330, or whether it misrepresented its policy provisions as proscribed by WAC 284-30-350. A single violation of any of those sections constitutes a violation of RCW 48.30.010. Under RCW 19.86.170, a violation of RCW 48.30.010 is a per se unfair trade practice and satisfies the first element of the five-part test for bringing a CPA action under RCW 19.86.090.[17]

 State Farm argues that even if its procedures are in violation of insurance trade practices, the representatives did not and cannot prove harm or damages. Without proving harm, there is no violation of the CPA or bad faith claims.[18] Harm from an insurer's bad faith acts is an element of every action for bad faith handling of a claim or violation of the CPA.

---

[15]*Urban v. Mid-Century Ins. Co.*, 79 Wn. App. 798, 805, 905 P.2d 404 (1995).

[16]*Downie v. State Farm Fire & Cas. Co.*, 84 Wn. App. 577, 585-86, 929 P.2d 484 (1997).

[17]*Industrial Indem. Co. of the N.W., Inc. v. Kallevig*, 114 Wn.2d 907, 925, 792 P.2d 520 (1990).

[18]*Coventry Assocs. v. American States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998).

However, as asserted by the representatives, the delay in determining the amount covered caused economic harm by increasing personal liability to the members of the class. But for State Farm's delay, the class members may not have incurred additional medical or therapy expenses. State Farm claims that the only damages for which it could be liable are the benefits due but not paid. We disagree. It appears that a determination could well be made that State Farm's practices result in the delay of claim resolutions that harm the insureds by the insureds seeking a continuing course of medical or therapy treatment for which they may ultimately be deemed liable and which they would not have pursued had they known. There are questions of fact whether the claimants are damaged.

Bad Faith Handling of Claims:

■ The representatives claim the trial court erred in dismissing their action for bad faith handling of their claims. Our Supreme Court has held that a first party insured may maintain an action against its insurer for bad faith investigation of the insured's claim and violation of the CPA regardless of whether the insurer was ultimately correct in determining that coverage did not exist.[19] The court indicated that it agreed with one legal commentator who states:

> "The implied covenant of good faith and fair dealing in the policy should necessarily require the insurer to conduct any necessary investigation *in a timely fashion* and to conduct a reasonable investigation before denying coverage. In the event the insurer fails in either regard, it will have breached the covenant and, therefore, the policy."[20]

The implied covenant is breached whether the insured pays the claim or not, because its conduct may damage the

[19]*Id.* at 279.

[20]*Id.* at 281 (quoting 1 ALLAN D. WINDT, INSURANCE CLAIMS & DISPUTES § 2.05, at 38 (3d ed. 1995)) (emphasis added).

protection that the insured sought to gain by buying insurance. Again, this claim was improperly dismissed on summary judgment.

The decision of the trial court granting summary judgment to State Farm is reversed, and the case remanded for trial on the issues.

KENNEDY, C.J., and ELLINGTON, J., concur.

Review granted at 139 Wn.2d 1022 (2000).