NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUSAN M. PARKER,

  Plaintiff – Appellant,

  v.

ALLSTATE INSURANCE
COMPANY,

  Defendant – Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 11-35228

D.C. No. 3:10-cv-05784-BHS

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and submitted March 7, 2012
Seattle, Washington

Before:  FERNANDEZ and PAEZ, Circuit Judges, and GWIN,[**] District
     Judge.

---

  [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

Susan Parker appeals the district court's grant of summary judgment to her insurer, Allstate, in her action for breach of contract and bad faith. An uninsured motorist injured Parker in an accident, and Parker sued Allstate for uninsured motorist benefits after a series of contentious exchanges with Allstate during the claims investigation process.

The district court dismissed her claims with prejudice because Parker had not submitted to an examination under oath ("EUO") before she sued Allstate. The district court dismissed the case although Allstate's policy with Parker, unlike most other policies, contained no contractual provision requiring Parker to submit to an EUO. We reverse.

The district court erred when it ruled that Parker needed to complete an EUO before she could sue. Washington law provides that an insurance policy can require an insured to be examined under oath, but Washington law does not say that a policyholder cannot sue before the EUO has been completed. Wash. Rev. Code § 48.18.460. Washington insurers commonly issue policies that expressly require examination under oath. *See, e.g.*, *Staples v. Allstate Insurance Co.*, No. 64816-1, 2011 WL 1896217, at *3 (Wash. Ct. App. May 16, 2011). Where expressly provided, Washington courts enforce cooperation clauses that forbid lawsuits before the policyholder has complied with the EUO provision. *E.g.*,

2

*Downie v. State Farm Fire & Cas. Co.*, 929 P.2d 484, 487 (Wash. Ct. App. 1997). But unlike other Allstate insurance products, Parker's policy contains no provision requiring her to submit to an EUO, much less requiring that an EUO occur before she may sue. We find no requirement under Washington law that an insured complete an EUO before suing her insurer when the insuring contract includes no EUO requirement.

In light of the above determination, we need not consider whether the parties' cooperation with the taking of an EUO remains a genuine issue of material fact for trial. Nor need we decide whether Allstate would need to show prejudice, if an EUO had been required and Parker had proceeded without submitting to one. Those issues could have been avoided had the parties approached each other with less fractious frames of mind.

That the dispute over Parker's claim reaches this Court reflects the parties' (and their attorneys') pointless obstinacy. The parties should have easily resolved disputes over authorizations, over the authority to conduct an EUO, and over the scheduling of the EUO through common courtesies, rather than taxing the resources of the federal judiciary.

REVERSED and REMANDED.