[No. 17171-6-II.    Division Two.    November 16, 1995.]
CAROL URBAN, *Appellant*, v. MID-CENTURY
INSURANCE, *Respondent.*

*J. Arvid Anderson* and *Anderson, Burns & Hostnik*, for appellant.

*Timothy R. Gosselin* and *Burgess, Fitzer, Leighton & Phillips, P.S.*, for respondent.

HOUGHTON, J. — Carol Urban instituted an action to set aside a settlement and release she signed in order to claim uninsured motorist benefits following an auto accident. She appeals from the trial court's (1) denial of her motion for summary judgment, (2) grant of partial summary judgment of dismissal on behalf of Mid-Century Insurance Company (Mid-Century) and, (3) entry of judgment in favor of Mid-Century following a bench trial. We affirm the denial of Urban's motion for summary judgment, but reverse the summary judgment and entry of judgment in favor of Mid-Century and remand for trial.

## FACTS

On February 21, 1990, Carol Urban was a passenger in

a car driven by her friend Nancy Owens. The car was struck from behind by an uninsured motorist. On the day of the accident, Urban was treated for back and neck injuries at Harrison Memorial Hospital in Bremerton and was released after being diagnosed with a cervical strain. Urban was told she would likely feel worse before feeling better and that she should see her family doctor in two days. She visited her physician, Dr. Bright, two days later and was prescribed anti-inflammatory medicine. Dr. Bright reiterated Urban's earlier prognosis.

Nancy Owens told Urban that she carried uninsured motorist coverage on her auto insurance policy. On February 28, 1990, Mid-Century's claims adjuster, Hugh Kile, contacted Urban and arranged to meet with her at her home. According to Kile's deposition testimony, he does not recall the exact conversation because he processes about 1000 claims each year. Kile also said that he has a standard statement he gives to all parties when they sign a claim. He tells the potential claimant that he or she:

> [has] the right to keep [the] claim open for a period of six years as an uninsured motorist claim; that [the claimant] can settle that claim any time; that [the claimant] can hire an attorney; that [the claimant] can settle with me at that time, leaving the PIP [personal injury protection] open.

Kile believed that he told Urban about all of her choices. He further stated that he most likely would not have told her the policy limits of coverage, nor have provided her with a copy of the policy unless she had requested it. He also stated that before a claims representative can disclose the insurance policy limits, the branch manager must provide authorization.

Kile and Urban reached an agreement that Urban's medical bills would be paid for a year. Mid-Century also agreed to pay for household help until Urban recovered. Urban accepted Mid-Century's offer of $1000 for her inconvenience. She signed a "Trust Agreement and Release in Full" (Release) document. Urban acknowledges that

Kile asked her to read the Release before signing it and also asked her if she understood what she was signing. She said she did. She does not recall Kile's telling her anything about the insurance policy, or that by signing the Release, she was settling her claim with her friend.

The Release stated the claim was:

> being made under the Uninsured Motorist insuring agreement of an automobile policy . . . issued by the insurer to Nancy Owens AND FURTHER: In consideration of such payment the undersigned represents and warrants that this is a full and final release applying to all known claims, unknown and anticipated injuries, deaths or damages arising out of this accident, casualty, or event.

Months later, Urban returned to the doctor because of pain in her back. In August 1990, it was discovered she had a herniated disc. The herniation was later surgically repaired.

Urban filed a lawsuit against Mid-Century seeking to rescind the Release and to recover damages and attorney fees pursuant to RCW 19.86, the Consumer Protection Act (CPA). She alleged that her signature was obtained through overreaching, the use of undue influence, and unfair and deceptive trade practices. She further alleged that Mid-Century obtained the Release in contravention of RCW 48.01.030, which provides that an insurance carrier must practice honestly and equitably in all insurance matters. Urban claimed that Mid-Century dealt unfairly and deceptively in violation of RCW 19.86.020 and 48.30.010, and provisions of WAC 284-30.

Urban moved for summary judgment on her claims. Mid-Century also moved for summary judgment, requesting that the Release be declared valid and enforceable. Urban's motion was denied and Mid-Century's was granted in part. Both parties moved for reconsideration. Their motions were denied. The remaining issue, whether the defendant was liable under the CPA for violation of WAC 284-30-330(6), was tried to the bench. The trial court

entered findings of fact and concluded, as a matter of law, that WAC 284-30-330(6) did not apply to the facts of the case. Urban's complaint was then dismissed with prejudice and she appeals.

ANALYSIS

In deciding the case upon summary judgment and also upon the taking of evidence, the trial court bifurcated the issues in this case. Accordingly, this court employs two standards of review.

■ On appeal of a summary judgment, we engage in the same inquiry as the trial court. *Nationwide Mut. Fire Ins. Co. v. Watson*, 120 Wn.2d 178, 186, 840 P.2d 851 (1992). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). On review of a summary judgment, we consider the facts most favorably to the nonmoving party, and, after doing so, will affirm if reasonable minds could reach but one conclusion. *Nationwide Mut.*, 120 Wn.2d at 186.

■ Where summary judgment is inappropriate for all issues presented, a trial court may bifurcate the proceedings. It decides the issues of law summarily, and then decides genuine issues of material fact at a trial, as the court did here. CR 56(d). On appeal the findings of fact will be reviewed for support by substantial evidence. *Johnson v. Department of Licensing*, 71 Wn. App. 326, 332, 858 P.2d 1112 (1993).

Urban contends that the trial court erred in granting Mid-Century a partial summary judgment of dismissal. She asserts that under the circumstances of this case, the Release should be voided. She further asserts that Mid-Century failed to comply with the requirements of certain statutes and regulations and, as a result of violations, she is entitled to recover damages, costs, attorney fees and treble damages, not to exceed $10,000 pursuant to the CPA. RCW 19.86.090.

We turn first to Urban's contention that the Release

should be voided. Urban asserts that Mid-Century did not meet the requirements of WAC 284-30-350(1) and (2). According to Urban, she should have been provided with additional policy information before Mid-Century obtained her signature on the release. She contends that the Release was therefore obtained through misrepresentation and overreaching by Mid-Century. However, Mid-Century argues that Urban was provided with all of the information required by the WAC's. The trial court agreed with Mid-Century and granted its motion for summary judgment of dismissal on this claim.

WAC 284-30-350 provides, in pertinent part:

> (1) No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.

> (2) No agent shall conceal from first party claimants benefits, coverages or other provisions of any insurance policy or insurance contract when such benefits, coverages or other provisions are pertinent to a claim.

■ At oral argument on this matter, counsel for Mid-Century conceded that Urban is in a first party status.[1] Where Urban is a "first party claimant," Mid-Century has a duty to fully disclose to Urban all pertinent benefits, coverages or other provisions of a policy. We interpret this language to mean that Mid-Century should have provided Urban with all pertinent information contained in the policy, including types and limits of coverage. WAC 284-30-350.

■■ The validity of a Release is generally upheld unless it was "induced by fraud, misrepresentation or overreaching or if there is clear and convincing evidence of mutual mistake." (Citations omitted.) *Nationwide Mut.*, 120 Wn.2d at 187. Having determined that Urban is a "first

---

[1]First party claimant means an individual, corporation, association, partnership or other legal entity asserting a right to payment under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by such policy or contract. WAC 284-30-320(2).

party claimant" who would be entitled to full and complete disclosure pursuant to WAC 284-30-350, we hold that Mid-Century's failure to make such disclosure is a misrepresentation, which renders the Release voidable. We therefore reverse and remand for a determination of whether the Release is void for not having been knowingly and fairly made.

We recognize that the trial court determined that the Release was fairly and knowingly made. However, the trial court rendered its decision with regard to WAC 284-30-330, having dismissed on summary judgment Urban's claims under WAC 284-30-350.

Urban next assigns error to the trial court's dismissal of her claims under WAC 284-30-330. We agree with the trial court that the provisions of WAC 284-30-330(1), (9), and (13) are not applicable to the facts of this case and affirm the summary judgment.

■■ Urban further contends that the trial court erred in dismissing her CPA action. In order to recover damages under the CPA, a private party must prove that the defendant's act or practice (1) is unfair and deceptive, (2) occurs in the conduct of trade or commerce, (3) affects the public interest, (4) causes injury to the plaintiff's business or property, (5) causes the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986). The first two elements may be established by showing that the alleged act constitutes a per se unfair trade practice. A per se unfair trade practice occurs when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce is violated. *Hangman Ridge*, 105 Wn.2d at 786.

WAC 284-30-330 defines types of conduct determined to be "unfair or deceptive acts or practices in the business of insurance, specifically applicable to the settlement of claims." Furthermore, a single violation of WAC 284-30-

330 constitutes a violation of RCW 48.30.010.[2] *Industrial Indem. Co. v. Kallevig*, 114 Wn.2d 907, 925, 792 P.2d 520 (1990). We therefore hold that the trial court erred in granting summary judgment on Urban's claims under the CPA based upon WAC 284-30-350.

Urban next contends that negotiating a settlement and obtaining a Release only one week after the accident is too soon and amounts to unfair and inequitable practice. At the time of settling with Mid-Century's adjuster, Urban says she was under the influence of Tylenol with codeine and as a result was unable to comprehend the nuances due to grogginess. Urban further claims that Kile did not explain to her that she had an uninsured motorist claim, but that she thought she was giving up the claim against her friend. Finally, Urban claims that she did not know the extent of injuries at the time of signing the Release. WAC 284-30-330(6) states it is an unfair or deceptive act for an insurance company to:

> [n]ot attempt[ ] in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear. In particular, this includes an obligation to effectuate prompt payment of property damage claims to innocent third parties in clear liability situations. If two or more insurers are involved, they should arrange to make such payment, leaving to themselves the burden of apportioning it.

The trial court did not grant summary judgment on this issue. After hearing the evidence at a bench trial, the court concluded that as a matter of law, WAC 284-30-330(6) did not apply to the circumstances in Urban's case. Urban assigns error to the findings leading to this conclusion.

---

[2]RCW 48.30.010(1) states: "No person engaged in the business of insurance shall engage in unfair methods of competition or in unfair or deceptive acts or practices in the conduct of such business as such methods, acts, or practices are defined pursuant to subsection (2) of this section."

"Under RCW 19.86.170, a violation of RCW 48.30.010 is a per se unfair trade practice and satisfies the first element of the 5-part test for bringing a CPA action under RCW 19.86.090." *Industrial Indem.*, 114 Wn.2d at 925.

The undisputed facts are that the "at fault" driver did not have insurance. Therefore, under the UIM coverage the insurer steps into the shoes of the tortfeasor and becomes liable. The insurer is under an obligation to effectuate "prompt, fair and equitable" settlements. WAC 284-30-330(6). Here, Mid-Century was prompt. Kile contacted Urban six days after the accident. Urban argued that Mid-Century was too "prompt" and thus it amounted to an unfair and inequitable settlement.

■ Appellate review of a trial court findings of fact is limited to determining whether the trial court's findings are supported by substantial evidence, and, if so, whether the findings in turn support the conclusions of law. *Goodman v. Darden, Doman & Stafford Assoc.*, 100 Wn.2d 476, 483, 670 P.2d 648 (1983). We need determine only whether the evidence most favorable to the prevailing party supports the challenged findings, even if the evidence is in conflict. *North Pac. Plywood, Inc. v. Access Road Builders, Inc.*, 29 Wn. App. 228, 232, 628 P.2d 482, *review denied*, 96 Wn.2d 1002 (1981). Findings of fact supported by substantial evidence will not be reversed on appeal. *Funderburk v. Bechtel Power Corp.*, 103 Wn.2d 796, 799, 698 P.2d 556 (1985); *Thomas v. Ruddell Lease-Sales, Inc.*, 43 Wn. App. 208, 212, 716 P.2d 911 (1986).

Insofar as the findings relate to WAC 284-30-330(6), there is substantial evidence to support them and the trial court did not err.

The trial court's grant of summary judgment of dismissal of Urban's claims based upon WAC 284-30-330 is affirmed. The trial court's dismissal of Urban's claims under the CPA based upon WAC 284-30-330 is also affirmed. The trial court's grant of summary judgment of dismissal of Urban's claims based upon WAC 284-30-350 and concomitant claims based upon the CPA is reversed, and the matter is remanded.

SEINFELD, C.J., and FLEISHER, J., concur.

After modification, further reconsideration denied December 12, 1995.

Review denied at 129 Wn.2d 1030 (1996).