[No. 37754-0-I.    Division One.    July 14, 1997.]

COVENTRY ASSOCIATES, L.P., *Appellant,* v. AMERICAN
STATES INSURANCE CO., *Respondent.*

*Scott A. Samuelson, Mark A, Johnson,* and *Law Offices of Mark Alan Johnson, Inc., P.S.,* for appellant.

*Robert F. Riede, Jerret E. Sale,* and *Bullivant, Houser, Bailey, Pendergrass & Hoffman,* for respondent.

AGID, J. — American States Insurance Company denied Coventry Associates' claim for damages resulting from a mud slide, and Coventry filed a complaint alleging breach of contract, bad faith, and Consumer Protection Act violations. The trial court granted American States' motion for partial summary judgment, ruling there was no coverage, and dismissed the remaining claims. Coventry contends that the trial court's finding that its loss was not covered should not preclude it from bringing bad faith or Consumer Protection Act claims for American States' failure to investigate. We hold that an insured cannot maintain an action for bad faith or consequent violations of the Consumer Protection Act where the loss is not covered by the policy, the errors it alleges are procedural and it suffers no harm as a result of those errors. We therefore affirm the trial court.

## FACTS

In 1990, Coventry, a developer, was building an apart-

ment complex in Renton. The project was situated to one side of a hill. Coventry erected a soldier-pile retaining wall to stabilize the hillside. During November of that year, this area experienced abnormally heavy rains which saturated the hillside and caused mud to slide onto the retaining wall. The wall collapsed under the weight of the slide, and mud and water flowed into the main construction site. There was substantial property damage, and work on the project stopped.

Coventry submitted an insurance claim to its insurer, American States. An adjuster briefly investigated the project site, determined that the damage was to the retaining wall and denied the claim because Coventry's policy had an exclusion for damage to that structure. He did not investigate the cause of the damage or any loss of business coverage because he did not believe that Coventry had a claim for business loss. Nor did he investigate damage to the project other than that to the retaining wall. The adjuster also admitted that he looked at only two of the six forms that made up Coventry's policy before he denied coverage. He later testified that he never considered whether Coventry had a business-loss claim even though it had some business-loss coverage.

Coventry filed this suit, alleging breach of the insurance contract, bad faith, and Consumer Protection Act violations. The parties agreed that the damage was not solely to the retaining wall, that the project was seriously damaged by the mud and that weather was the efficient proximate cause of the damage. But American States maintained that the loss still was not covered because Coventry's policy contained a contingent weather conditions exclusion precluding coverage for any damage resulting from a landslide caused by weather conditions. Both parties brought motions for summary judgment. Based on the Supreme Court's holding in *Findlay v. United Pac. Ins. Co.*, 129 Wn.2d 368, 917 P.2d 116 (1996), that contingent weather conditions exclusions are enforceable, the trial court granted American States' motion for partial

summary judgment on the contract claim. It then granted American States' motion to dismiss the remaining bad faith and Consumer Protection Act claims, concluding that they could not exist in the absence of coverage.

## DISCUSSION

The only issue on appeal is whether an insured may bring a bad faith or Consumer Protection Act claim against its insurer when the insurer rightfully denies a claim based on an applicable exclusion but fails to conduct an adequate investigation, or violates the WAC's Unfair Claims Settlement Practices during the investigation and denial.

■■ Coventry admits that the damage to its construction site was not covered by its policy, but argues that American States acted in bad faith and violated the Consumer Protection Act by failing to conduct an adequate investigation before denying its claim. Specifically, it argues that the investigation was deficient because the adjuster failed to fully investigate the loss and review Coventry's policy to determine what coverage existed and applied. Therefore, it contends that the trial court erred when it dismissed its bad faith and Consumer Protection Act claims because they exist separately from coverage. We review a trial court's grant of a motion to dismiss de novo. *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995). The dismissal will be affirmed only if there is no set of hypothetical facts consistent with the complaint which would entitle the plaintiff to relief. *Bravo*, 125 Wn.2d at 750.

Without question, insurers are required to act in good faith toward their insureds and must not engage in unfair trade practices. RCW 48.30.010. Unfair practices include misrepresenting pertinent facts and refusing to pay without a reasonable investigation (WAC 284-30-330), failing to disclose all relevant policy provisions (WAC 284-30--350), and failing to state the specific grounds for denial of

a claim (WAC 284-30-380). If an insurer engages in an unfair practice in the investigation of a claim and wrongfully denies an insured's claim, the insured may bring an action for bad faith or violation of the Consumer Protection Act. *Industrial Indem. Co. of N.W., Inc. v. Kallevig*, 114 Wn.2d 907, 917, 792 P.2d 520, 7 A.L.R.5th 1014 (1990) (bad faith); *Urban v. Mid-Century Ins.*, 79 Wn. App. 798, 804-05, 905 P.2d 404 (1995), *review denied*, 129 Wn.2d 1030 (1996) (Consumer Protection Act).

■ But the question in this case is whether an insured can maintain these actions for procedural errors when the ultimate denial of coverage was proper and the insured is not harmed. "To establish a breach [of good faith], a party must prove that the defendant acted unlawfully and in violation of public policy." *Keller v. Allstate Ins. Co.*, 81 Wn. App. 624, 632, 915 P.2d 1140 (1996) (citing *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 358, 581 P.2d 1349 (1978)). The insured must also prove harm. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 395-96, 823 P.2d 499 (1992).

Recently, a number of other jurisdictions have recognized that an insured may bring an action against an insurer for bad faith, even if not entitled to coverage, when the insurer commits substantive violations of law, such as instituting policies that are contrary to state law, or when the insurer's actions harm the insured. For example, in *Deese v. State Farm Mut. Auto. Ins. Co.*, 172 Ariz. 504, 838 P.2d 1265 (1992), Deese submitted chiropractic bills for payment and State Farm refused payment of the bills under an apparent company policy of always challenging chiropractic bills. The bills were not covered by the policy, but the court held that because the company's blanket policy violated state law and public policy, its refusal to pay had an inherent, or substantive, impact on the insured. In *Judah v. State Farm Fire & Cas. Co.*, 266 Cal. Rptr. 455 (Cal. App. 1 Dist.) *review granted*, 789 P.2d 341, 268 Cal. Rptr. 541 (1990) (California rules provide that once review is granted, an opinion may not be cited as legal authority.), the court held that while her loss was not covered under her policy, the insured did have an action for bad faith. Her insurer delayed investigation of

damage caused by a landslide, resulting in additional damage. It also denied coverage on the ground that the loss was not caused by contractor negligence but then initiated its own subrogation suit against the same contractor. Similarly, in *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 730 P.2d 1014 (1986), the court held that an insured can sue for bad faith, even if the claim is not covered, when the insurer intentionally and unreasonably delays payment on a claim and the delay harms the insured.

In contrast, mere procedural errors in handling a specific claim do not support an action for bad faith because the errors do not harm the insured or the public interest as would be the case where company policies or actions are unlawful. In *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 11 Cal. 4th 453A, 900 P.2d 619, 44 Cal. Rptr. 2d 370 (1995), the California Supreme Court held that absent clear bad faith such as unnecessary delay, improper tactics or oppressive conduct, an insured could not bring a bad faith claim in the absence of coverage. Similarly, in *State Farm Fire & Cas. Co. v. Balmer*, 672 F. Supp. 1395 (M.D. Ala. 1987), the court held that, absent improper tactics, unsatisfactory investigations or other procedural errors did not entitle the insured to bring an action for bad faith because the insurer had a lawful basis to deny the claim.

Nor does the Supreme Court holding in *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, authorize bad faith or Consumer Protection Act claims in the absence of coverage. In that case, a third party sued the insured when the insured shot him. The insured tendered his defense to his insurer, but the insurer did not conduct a timely and thorough investigation. It suspended its defense of the civil suit and eventually denied coverage. The court held that harm was a necessary element of bad faith. It permitted Butler's bad faith claim to go forward because harm is rebuttably presumed in that narrow circumstance where the insurer's promise to defend would entitle the insured to coverage under promissory estoppel if the insured proves bad faith.

■ We hold that an insured may not bring a bad faith or Consumer Protection Act claim based on procedural errors or shortcomings in an insurer's investigation unless the insurer wrongfully denies the claim or the errors harm the insured. While American States' investigation and denial may have been procedurally deficient, Coventry's loss was not covered and the shortcomings do not amount to substantive violations of law, such as improper or oppressive conduct. Consequently, Coventry cannot show any harm. To permit actions for bad faith in the absence of a wrongful denial of coverage, unlawful or oppressive acts, or actual harm would be unduly burdensome on the insurer and the consumer who would ultimately pay for the insurer's exposure to litigation and potential liability for minor procedural errors in every claim. *See, e.g., Pace v. Insurance Co. of N. Am.*, 838 F.2d 572, 584 (1st Cir. 1988). Therefore, there are no facts, actual or hypothetical, consistent with Coventry's complaint which would permit recovery and the trial court properly dismissed its bad faith and Consumer Protection Act claims when it determined that there was no coverage.

We do not agree with Coventry that our decision permits insurance companies to refuse to investigate and instead wait for the insured to initiate a lawsuit. First, whenever an insurer fails to adequately investigate a claim and wrongfully denies coverage, it will be subject to bad faith and Consumer Protection Act claims as well as the contract damages. *See* Chris Michael Kallianos, *Bad Faith Refusal to Pay First-Party Insurance Claims: A Growing Recognition of Extra-Contractual Damages*, 64 N.C. L. REV. 1421 (1986). Second, bad faith claims may exist even absent coverage where an insurer intentionally and unlawfully refuses to determine whether the insured has a claim. *See Bullet Trucking, Inc. v. Glen Falls Ins. Co.*, 84 Ohio App. 3d 327, 616 N.E.2d 1123 (1992). Therefore, if an insurer embraces a policy of refusing to investigate claims, forcing its insureds to instigate lawsuits, that policy would constitute oppressive conduct from which the harm to the insured is inherent and may warrant bad faith and

Consumer Protection Act claims even if losses were ultimately not covered.

Affirmed.

BAKER, C.J., and WEBSTER, J., concur.

Review granted at 134 Wn.2d 1001 (1998).