**The SEGAL COMPANY (EASTERN STATES), INC., a New York corporation, and Sibson Consulting, a division thereof, Plaintiffs,**

**v.**

**AMAZON.COM, a Delaware corporation Defendant.**

**No. C03–1182C.**

United States District Court,
W.D. Washington,
At Seattle.

Aug. 25, 2003.

David R. Goodnight, Brian William Grimm, Dorsey & Whitney LLP, Seattle, WA, for Defendant.

Barbara H. Schuknecht, Robert M. Sulkin, McNaul, Ebel, Nawrot, Helgren & Vance, Seattle, WA, for Plaintiffs.

## ORDER

COUGHENOUR, Chief Judge.

This matter comes before the Court on defendant's motion to dismiss (Dkt. No. 6), and defendant's motion for partial summary judgment (Dkt. No. 13). Plaintiffs, in their opposition brief, request that the Court defer consideration of the motion for partial summary judgment pursuant to Rule 56(f) (Dkt. No. 10). Having considered the papers submitted by the parties, the Court hereby GRANTS defendant's motion to dismiss; the Court construes defendant's motion for partial summary judgment as a Rule 12(b)(6) motion to dismiss, and hereby GRANTS that motion; and the Court hereby DENIES as moot plaintiffs' request for a continuance.

*Background:* In June 2002, defendant engaged plaintiff Sibson Consulting ("Sibson"), a division of plaintiff Segal Company, to prepare stock-option valuation and employee compensation proposals for defendant. Although the two parties did not execute a written contract, Sibson began work on the proposals at defendant's request in July. According to plaintiffs, Sib-

son provided defendant with regular updates of accruing fees and costs for the work in progress. On August 12, 2002, defendant advised Sibson that it no longer wanted Sibson to work on the stock-option valuation and employee compensation proposals. Consequently, Sibson requested payment in excess of $390,000.00 for work already completed. After defendant refused to pay the amount requested, plaintiffs filed this action alleging breach of contract, unjust enrichment, fraud, and violations of the Washington State Consumer Protection Act ("CPA").

■ *Defendant's Motion to Dismiss:* Defendant moves to dismiss plaintiffs' fraud claim for failure to state the circumstances of the alleged fraud with particularity pursuant to Rule 9(b). *See* Fed. R.Civ.P. 9(b) (2003) ("In all averments of fraud or mistake, the circumstances constituting fraud ... shall be stated with particularity."). Rule 9(b) requires plaintiffs to state the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Teamsters Local #427 v. Philco–Ford Corp.*, 661 F.2d 776, 782 (9th Cir.1981). Furthermore, the complaint must detail "what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc). General or conclusory assertions of fraud are insufficient to defeat a motion to dismiss. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989).

■ In this case, plaintiffs fail to specify the identities of the alleged fraud perpetrators, the time and place the fraudulent statements were made, and exactly what statements were fraudulent. First, the complaint's reference to certain "representatives" of defendant is too vague to sufficiently identify the alleged perpetrators. *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1315 (N.D.Cal.1997) (general allegation against all defendants insufficient to satisfy particularity requirement); *cf. Cable & Computer Tech. Inc. v. Lockheed Sanders Inc.*, 214 F.3d 1030, 1038 (9th Cir.2000) (finding sufficient particularity where plaintiff identified names of specific "representatives" of defendant). Second, plaintiffs' assertion that defendant's misrepresentations occurred over the course of "several weeks" does not adequately indicate *when* and *where* the alleged fraud took place. *See In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399 (9th Cir.1996) (parties' broad assertions of time and place insufficient to fulfill heightened pleading standard). Finally, the complaint's allegation that defendant misrepresented the "scope and duration of the consulting project, and [defendant's] intent to fully compensate plaintiff," fails to adequately identify *what* statements were fraudulent. *See id.* (specificity requirement not met without specific references to conduct or statements made by defendant); *cf. Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir.1999) (plaintiffs fulfilled pleading requirements by asserting six specific misrepresentations by defendants). In sum, plaintiffs' general allegations simply do not give defendant "notice of the particular misconduct which is alleged to constitute the fraud." *Wenger v. Lumisys, Inc.*, 2 F.Supp.2d 1231, 1239 (N.D.Cal.1998) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985)). As such, the complaint does not state the circumstances of fraud with sufficient particularity to satisfy the requirements of Rule 9(b).

■ Moreover, even taking plaintiffs' general allegations as true, the Court finds that plaintiffs fail to state a claim upon which relief can be granted. *See Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1107–08 (9th Cir.2003) ("A motion to dismiss a complaint or claim 'grounded in fraud' under

Rule 9(b) ... is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim."). In order to state a claim of fraud, plaintiffs must assert that an "existing fact" was misrepresented by defendant. *Havens v. C & D Plastics, Inc.*, 124 Wash.2d 158, 182, 876 P.2d 435 (1994). However, "[a] promise of future performance is not a representation of an existing fact and will not support a fraud claim." *West Coast, Inc. v. Snohomish County*, 112 Wash.App. 200, 206, 48 P.3d 997 (2002). In this case, plaintiffs' fraud claim rests on the fact that defendant misrepresented its intent to fulfill a future promise. As a matter of law, this allegation cannot provide a basis for a fraud claim. "[W]ere the rule otherwise, any breach of contract would amount to fraud ...." *Nyquist v. Foster*, 44 Wash.2d 465, 470, 268 P.2d 442 (1954). As such, the Court also finds that the complaint fails to state a cognizable claim of fraud. Accordingly, the Court hereby GRANTS defendant's motion to dismiss.[1]

*Defendant's Motion for Partial Summary Judgment:* Defendant moves for partial summary judgment on plaintiffs' CPA claim, arguing that the facts presented by plaintiffs do not constitute a CPA violation as a matter of law. Although defendant frames its motion as one for summary judgment, the Court finds it more appropriate to construe defendant's motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[2] Proceeding as such, the Court will not consider evidence outside of the complaint. *See* Fed. R. Civ. Pro. 12(b)(6) (2003); *Arpin v. Santa Clara Transp. Agency*, 261 F.3d 912, 925 (9th Cir.2001). A court will grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a court must accept all material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party, conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). A motion to dismiss must also be decided in light of Rule 8(a)'s relaxed pleading requirements, under which a plaintiff need only make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (2003).

 In order to state a claim for relief under the CPA, plaintiffs must allege that acts by defendant were unfair or deceptive, occurred in the course of trade or commerce, affected the public interest, and caused injury to plaintiffs' business. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986). Taking all material allegations in the complaint as true, the Court finds that plaintiffs fail to plead sufficient facts showing that defendant's conduct was unfair or deceptive, or that defendant's conduct affected the public interest. First, for conduct to be an unfair or deceptive practice under the CPA, it must have the capacity to "deceive a *substantial portion* of the *public*." *Sing v. John L. Scott, Inc.*, 134 Wash.2d 24, 30, 948 P.2d 816 (1997) (emphasis added). In this case, the material portions of the com-

---

**1.** The Court GRANTS plaintiffs' request for leave to amend. Plaintiffs shall file an amended complaint, if any, no later than September 12, 2003.

**2.** The parties' briefs respectively recognize that defendant's partial summary judgment motion can be properly construed as a motion to dismiss. Motion, 5:7–9; Opposition, 8:17–18.

plaint generally detail the formation and breach of a contractual relationship between only Sibson and defendant. Complaint, ¶¶ 5–13. Plaintiffs never assert that defendant contacted members of the general public, nor do plaintiffs claim that defendant executed contracts with any other parties. Even accepting plaintiffs' assertion that the term "proposal" indicates defendant's solicitation of third parties, Opposition, at 12:22, the fact that defendant may have engaged in additional commercial dealings does not indicate that its activities have the potential to deceive a "substantial portion" of the public. *Cf. Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wash.App. 732, 744, 935 P.2d 628 (1997) (finding tire company's misrepresentation to several of its commercial dealers was not "directed at the public"). Therefore, the complaint in no way indicates that defendant's conduct extended beyond the two parties to the alleged contract.[3]

█ Plaintiffs contend, however, that the way in which defendant solicited Sibson's business has the potential to deceive a large portion of the public. Plaintiffs correctly state that courts have characterized certain types of solicitation as capable of deceiving members of the general public. *See, e.g., Schmidt v. Cornerstone Invs., Inc.*, 115 Wash.2d 148, 167, 795 P.2d 1143 (1990); *Sign–O–Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wash.App. 553, 562, 825 P.2d 714 (1992). However, defendant's method of soliciting Sibson's business is in no way analogous to the types of solicitation prohibited by *Schmidt* and *Sign–O–Lite*. In *Schmidt*, the Washington Supreme Court ruled that the de-

fendant's method of choosing people "at random" and inducing them into property investments created a risk of deceiving numerous members of the population. 115 Wash.2d at 167, 795 P.2d 1143. In *Sign–O–Lite*, the Court of Appeals held that "cold-call[ing]" random members of the public and presenting them with fraudulent purchase agreements similarly had the potential to deceive a substantial portion of the public. 64 Wash.App. at 562, 825 P.2d 714. Here, plaintiffs' allegations do not allow the reasonable inference that defendant engaged in the sort of random widespread solicitation of consumers prohibited by these cases. Plaintiffs do not assert that defendant contacted Sibson at random or that defendant offered the same misrepresentations to anyone other than Sibson. Given the facts set forth in the complaint, defendant's conduct had little potential to deceive the public and is therefore not governed by the CPA. *See Henery v. Robinson*, 67 Wash.App. 277, 291, 834 P.2d 1091 (1992) (defendant's misrepresentations directed at plaintiff alone and therefore not capable of deceiving "substantial portion of the public"); *see generally Tanner Elec. Co-op. v. Puget Sound Power & Light Co.*, 128 Wash.2d 656, 684, 911 P.2d 1301 (1996) (because CPA enacted for "ultimate benefit of the consumer," actionable conduct must affect consumer interests).

█ With respect to whether defendant's conduct affected the public interest, "[o]rdinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." *Hangman Ridge*, 105 Wash.2d at 790, 719 P.2d 531. However, a

---

3. Alternatively, conduct that constitutes a "per se unfair trade practice" also qualifies as unfair or deceptive under the CPA. *Urban v. Mid–Century Ins.*, 79 Wash.App. 798, 805, 905 P.2d 404 (1995). The Legislature determines through statute what type of activity consti-

tutes a per se unfair trade practice. *Hangman Ridge*, 105 Wash.2d at 786, 719 P.2d 531. In this case, plaintiffs allege no facts that suggest defendant's conduct constitutes a per se unfair trade practice.

court may find that a breach of private contract affects the public interest by evaluating the following factors; 1) whether the alleged acts were committed in the course of defendant's business; 2) whether the defendant advertised to the general public; 3) whether the defendant actively solicited the particular plaintiff, thereby indicating potential solicitation of others; and 4) whether the parties occupy positions of unequal bargaining power. *Id.* at 790–91, 719 P.2d 531. None of these elements alone are dispositive; rather, they help indicate the extent to which a private transaction may affect the public interest. *Id.* at 791, 719 P.2d 531.

 Even accepting as true the material allegations of the complaint, the Court finds that plaintiffs have not pleaded sufficient facts to link defendant's alleged contractual breach to a public interest impact.[4] Plaintiffs argue that defendant's solicitation of Sibson implicates the third factor set forth above, and therefore demonstrates a possible public interest impact. However, defendant's private solicitation of Sibson can only affect the public interest if it was part of "a pattern or generalized course of conduct," creating a "real and substantial potential for repetition of defendant's conduct." *Eifler v. Shurgard Capital Mgmt. Corp.*, 71 Wash.App. 684,

697, 861 P.2d 1071 (1993). Although plaintiffs allege "[o]n information and belief" that defendant engages in a "pattern and practice" of deceptive behavior, Complaint, ¶ 13, they allege no specific facts suggesting that defendant has engaged in a generalized pattern of solicitation. Likewise, plaintiffs do not assert facts necessary to infer that defendant will repeat the allegedly deceptive conduct. Even assuming defendant misrepresented its intention to pay Sibson, the Court finds it unreasonable to infer an entire pattern of deceptive solicitation affecting the public interest from that isolated incident.[5]

In sum, plaintiffs fail to state a CPA claim upon which relief can be granted. Accordingly, having construed defendant's motion for partial summary judgment as a motion to dismiss, the Court hereby GRANTS the motion to dismiss.[6]

---

4. Although plaintiffs allege that defendant's conduct "impact[s] the public interest," Complaint, ¶ 39, this conclusory legal assertion is insufficient to defeat a motion to dismiss.

5. Furthermore, plaintiffs appear to be experienced business persons "not representative of bargainers subject to exploitation." *Hangman Ridge*, 105 Wash.2d at 794, 719 P.2d 531. Plaintiffs argue that their business sophistication has no bearing on defendant's liability. In this regard, plaintiffs' reliance on *Cunningham v. Studio Theatre, Inc.*, 38 Wash.2d 417, 425–25, 229 P.2d 890 (1951) is misplaced. Although *Cunningham* stands for the proposition that wrongdoers cannot generally avoid liability by pointing to the so-

phistication of their victims, the Legislature passed the CPA to shield the *regular consumer* from deception. The statute does not provide extra protection for those individuals who, like plaintiffs, have "sufficient sophistication to remove them from the class of bargainers subject to exploitation." *Pac. Northwest Life Ins. Co. v. Turnbull*, 51 Wash.App. 692, 703, 754 P.2d 1262 (1988).

6. Although plaintiffs do not specifically request leave to amend, the Court GRANTS plaintiffs leave to file an amended complaint sufficiently stating a CPA claim, if any, no later than September 12, 2003. The Court DENIES as moot plaintiffs' request for a continuance pursuant to Rule 56(f).